Filing # 102624992 E-Filed 02/03/2020 11:02:05 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Richard Texas</u>
 Plaintiff
            vs.
<u>New World Van Lines of Florida Inc</u>
Defendant

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>15,000</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☒ County Civil
  - ☐ Small Claims up to $8,000
  - ☒ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**EXHIBIT 1**

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Cortney Elizabeth Walters</u>
Attorney or party
FL Bar No.: <u>125159</u>
(Bar number, if attorney)
<u>Cortney Elizabeth Walters</u>
(Type or print name)
Date: <u>02/04/2020</u>

Filing # 102624992 E-Filed 02/03/2020 11:02:05 AM

### IN THE COUNTY COURT FOR THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY, FLORIDA

RICHARD TEXAS,                                    CASE NO.:

      Plaintiff,

v.

NEW WORLD VAN LINES OF FLORIDA, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, RICHARD TEXAS ("Plaintiff" or "Mr. Texas"), by and through undersigned counsel, files this Complaint against Defendant, NEW WORLD VAN LINES OF FLORIDA, INC. ("Defendant" or "NWFL"), and states as follows:

### NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2.    Mr. Texas was a non-exempt employee who was misclassified as exempt, and whose primarily duty was to perform manual labor in Defendant's warehouse in Orange County, Florida.

3.    Defendant is a Florida Profit Corporation located in Orange County, Florida, and which, at all times relevant, performed work in, among others, Orange

County, Florida.

4.     Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise under federal law, and occurred in Orange County, Florida.

5.     Mr. Texas is seeking in excess of $8,000.00, inclusive of attorneys' fees and costs.

## FLSA COVERAGE

6.     At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10.    At all times material hereto, Defendant was primarily engaged in providing, among other things, moving and transportation services to the consuming public.

11.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

2

13.     At all times material hereto, Defendant had two (2) or more employees handling goods or materials that had been moved in or produced for commerce within its Orange County, Florida, warehouse.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without warehouse laborers like Plaintiff.

## FACTUAL ALLEGATIONS

15.     Plaintiff worked for Defendant as a non-exempt warehouse laborer from March 7, 2011, through December 6, 2019.

16.     Mr. Texas always worked in Orange County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17.     Plaintiff had no authority to set rates of pay for other employees or agents of Defendant.

18.     All of Plaintiff's major decisions had to be cleared in advance by one of Defendant's supervisors.

19.     Plaintiff was closely monitored by Defendant's managers and supervisors in the performance of his duties.

20.     Plaintiff followed procedures established by Defendant and did exactly as he was instructed to do.

21.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

22.     To avoid the overtime provisions of the FLSA, Defendant assigned Plaintiff the title of "Warehouse Manager" and misclassified him as exempt, despite the fact that Plaintiff was the only certified forklift driver in the warehouse, and primarily performed non-exempt and labor related duties.

23.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

24.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

25.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for **all** hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

26.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

27.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for **all** overtime worked under the FLSA.

28.     Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for **all** overtime worked under the FLSA.

29.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for **all** overtime worked under the FLSA.

30.     Based on the allegations in Paragraphs 27-29, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

31.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

32.     Plaintiff reincorporates and re-alleges paragraphs 1 through 31 as though set forth fully herein, and further alleges as follows:

33.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

34.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for **all** hours worked.

35.     Plaintiff was not an exempt employee as defined by the FLSA.

36.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked

in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered

damages plus incurring reasonable attorneys' fees and costs.

37.    As a result of Defendant's willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his

favor against Defendant, and that this Court:

       a.  Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

       b.  Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

       c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

       d.  Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

       e.  Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by

jury.

DATED this 3rd day of February 2020.

Respectfully Submitted,

**By: /s/Cortney Walters**
Cortney Walters, Esq.
Florida Bar No. 125159
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: robert@floridaovertimelawyer.com
            cortney@floridaovertimelawyer.com

*Counsel for Plaintiff*

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this 19th day of February 2020
Tiffany Moore Russell, Clerk of the Circuit Court
By: _____ Deputy Clerk

7

**IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

RICHARD TEXAS,                                                      CASE NO.: 2020-CC-001738-O

       Plaintiff,

vs.

NEW WORLD VAN LINES OF FLORIDA,
INC., a Florida Profit Corporation,

       Defendant.

_____ /

**SUMMONS
PERSONAL SERVICE
<u>ON A CORPORATION</u>**

TO:    **NEW WORLD VAN LINES OF FLORIDA, INC.,
c/o DAVID MARX - REGISTERED AGENT
11320 SATELLITE BLVD.
ORLANDO, FL 32837**

<u>IMPORTANT</u>

       A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

       If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

<div style="margin-left:45%">

Noah E. Storch, Esq.
Florida Bar No. 0085476
Alexandra R.F. Scala, Esq.
Florida Bar No. 0098770
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: cortney@floridaovertimelawyer.com

</div>

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorneys." (Demandante o Abogado del Demandante).

Noah E. Storch, Esq.
Florida Bar No. 0085476
Alexandra R.F. Scala, Esq.
Florida Bar No. 0098770
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: cortney@floridaovertimelawyer.com

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON FEBRUARY 5, 2020

Tiffany Moore Russell
CLERK OF THE CIRCUIT COURT
ORANGE COUNTY, FLORIDA

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

By: _____
        Deputy Clerk

**NOTICES TO PERSONS WITH DISABILITIES**

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204; at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.**

### IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORANGE COUNTY, FLORIDA

RICHARD TEXAS,                                             CASE NO.:2020-CC-001738-O

       Plaintiff,

vs.

NEW WORLD VAN LINES OF FLORIDA,
INC., a Florida Profit Corporation,

       Defendant.

_____/

### PLAINTIFF'S NOTICE OF APPEARANCE OF
### NOAH E. STORCH, ESQUIRE

Pursuant to the Florida Rules of Civil Procedure, Plaintiff, RICHARD TEXAS ("Plaintiff"), hereby notifies this Court of the appearance of Noah E. Storch, Esq. of Richard Celler Legal, P.A. as Co-Counsel in the above referenced matter.   A copy of all correspondence, pleadings, notices, and other materials filed or issued in this cause should be sent to the undersigned co-counsel of record for Plaintiff at the address listed below.

Dated this 13th day of February, 2020.

                             Respectfully Submitted,

                             */s/ NOAH E. STORCH*_____
                             Noah E. Storch, Esq.
                             Florida Bar No. 0085476
                             RICHARD CELLER LEGAL, P.A.
                             10368 W. State Road 84, Suite 103,
                             Davie, FL 33324
                             Telephone: (866) 344-9243
                             Facsimile: (954) 337-2771
                             E-mail: Noah@floridaovertimelawyer.com

                             *Counsel for Plaintiff*