# EXHIBIT A

## FLSA SETTLEMENT AGREEMENT, WAIVER, AND RELEASE

This FLSA SETTLEMENT AGREEMENT, WAIVER, AND RELEASE (the "FLSA Agreement") is made and entered into by and between Richard Texas ("Texas") and New World Van Lines of Florida, Inc. (the "Company"). Texas and the Company shall sometimes be referred to collectively herein as the "Parties", with each of Texas and the Company a "Party" to this FLSA Agreement.

## RECITALS

WHEREAS, the Company previously employed Texas as a Warehouse Manager at its Orlando, Florida facility;

WHEREAS, Texas filed a lawsuit against the Company styled *Richard Texas v. New World Van Lines of Florida, Inc.*, that was properly removed to the United States District Court for the Middle District of Florida – Orlando Division, Case No. 6:20-cv-00445-RBD-LRH (the "Lawsuit"), alleging that the Company violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") by failing to provide Texas with overtime compensation;

WHEREAS, the Company denies all claims asserted by Texas in the Lawsuit based on, *inter alia*, its continued good faith belief that, under a fair reading of 29 U.S.C. §§ 213(a)(1) and (b)(1), 49 U.S.C. § 31052, and their implementing regulations, Texas was salaried exempt from the provisions of the FLSA requiring overtime compensation for hours worked in excess of 40 in a single workweek while employed by the Company;

WHEREAS, the Parties understand and agree that the claims and causes of action asserted in the Lawsuit are disputed, that the Parties are desirous of settling such disputes to avoid further litigation, and that the Parties have agreed to enter into this FLSA Agreement to resolve Texas's wage and hour-related claims and avoid the expense, time, trouble, and uncertainty of further investigation and/or litigation.

NOW THEREFORE, intending to be legally bound and in consideration of the mutual promises and agreements recited below, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## TERMS OF AGREEMENT

1.      **Reaffirmation of Recitals.**    The Parties confirm that the aforementioned recitals are complete, true and correct, and they are incorporated herein and made a part hereof by this reference.

2.      **Condition Precedent.**  This FLSA Agreement and the settlement described herein are subject to the condition precedent that the FLSA Agreement be approved in its current form by a written order entered by the Court in the Lawsuit ("Approval Order"). In the absence of such

*I certify that I have read and understand this page.*    *Richard Texas (Initials)*

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 2 of 6

an Approval Order or the Court otherwise dismissing the entire Lawsuit with prejudice, every part of this FLSA Agreement is null, void ab initio, unenforceable, of no force or effect, and shall have no evidentiary or other legal value.

3.    <u>**Consideration to be Provided to Texas.**</u>   In exchange for Texas's obligations set forth in this Agreement, and provided that, among other things, (i) Texas executes this Agreement, (ii) Texas delivers a signed copy of the FLSA Agreement and all signed Internal Revenue Service ("<u>IRS</u>") Form W-9s to the Company's counsel, and (iii) the Court enters an Approval Order and/or dismisses the entire Lawsuit with prejudice, the Company will cause to be paid to Texas the gross total of Twelve Thousand Dollars and Zero Cents ($12,000.00) (the "<u>Settlement Funds</u>").

(a)    The Settlement Funds will be apportioned as follows:

(i)    Two Thousand Seven Hundred Seventy-One Dollars and Ninety-Six Cents ($2,771.96), less all applicable tax withholdings and deductions, payable to Texas for alleged unpaid overtime compensation and back wages. The Company will cause an IRS Form W-2 to be issued to Texas in connection with this wage payment at the time and in the manner required by law;

(ii)    Two Thousand Seven Hundred Seventy-One Dollars and Ninety-Six Cents ($2,771.96) payable to Texas for alleged liquidated damages and interest. The Company will cause an IRS Form 1099 to be issued to Texas for this non-wage payment at the time and in the manner required by law; and

(iii)    Six Thousand Four Hundred Fifty-Six Dollars and Eight Cents ($6,456.08) payable to Richard Celler Legal, P.A. for attorney's fees and costs incurred by Texas through the course of pursuing the Lawsuit and this resolution. The Company will cause an IRS Form 1099 to be issued to Richard Celler Legal, P.A. reflecting this amount at the time and in the manner required by law. The Parties acknowledge and agree that the attorney's fees payable by the Company to Richard Celler Legal, P.A. were negotiated separately and apart from Texas's wage and hour claims, and that Texas's recovery will not be reduced by any part of the attorney's fees or costs in this case. Texas specifically is aware of, and agrees with, the amount of fees to be paid to his attorneys for representing his interests in this matter, and that these fees are reasonable.

(b)    Subject to the terms stated in this Agreement, the Company will deliver the Settlement Funds referenced in Section 3(a) to Texas's counsel, Noah Storch, Esq., Richard Celler Legal, P.A., 10368 West State Road 84, Suite 103, Davie, Florida 33324, within 20 business days after the Court enters an Approval Order and/or dismisses the entire Lawsuit with prejudice.

(c)    Texas individually, and his counsel for and on behalf of Richard Celler Legal, P.A., shall each sign and deliver an IRS Form W-9 to the Company's counsel to facilitate

*I certify that I have read and understand this page.*    *Richard Texas (Initials)*

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 3 of 6

processing of the non-wage portions of the Settlement Funds identified in Section 3(a). Texas further agrees to sign and deliver an IRS Form W-4 to the Company's counsel to facilitate processing of the wage portion of the Settlement Funds. Texas and his counsel acknowledge and understand that the Company cannot process the Settlement Funds without first receiving the forgoing W-4 and W-9s. Texas further understands and agrees that the Company will not cause the Settlement Funds identified in Section 3(a) to be paid to Texas until after: (i) Texas has signed and delivered a copy of this FLSA Agreement to the Company's counsel; (ii) the Company has received a signed W-4 and signed W-9s from Texas and his counsel; and (iii) the Court enters an Approval Order and/or dismisses the entire Lawsuit with prejudice.

(d)     Texas acknowledges that the Settlement Funds he is receiving will compensate him in full for all claims of wages, bonuses, commissions, and any other form of compensation, including but not limited to overtime, he alleges to be due from the Company and/or the Released Parties (as that term is defined in Section 5 below) for services rendered on behalf of and/or at any time during Texas's employment with the Company.

(e)     Texas acknowledges and agrees that the claims and causes of action asserted in the Lawsuit are disputed and that the Settlement Funds constitute an amount to which he would not otherwise be entitled in the absence of this FLSA Agreement. The Settlement Funds set forth in this Section 3 settle and compromise all wage and hour claims Texas has or may have against the Company and all other Released Parties (as that term is defined in Section 5 below).

(f)     Texas acknowledges and agrees that neither the Company nor any of the Released Parties (as that term is defined in Section 5 below) has made any representation to him regarding the tax consequences of any amounts received by him pursuant to this FLSA Agreement. Texas agrees to pay all federal, state, and local taxes and any other legal obligations, if any, which are required by law to be paid by Texas because of any amount he receives under this FLSA Agreement. Texas further agrees that, should any of the Settlement Funds identified in Section 3(a) be subject to any additional federal or state taxes, he bears the sole and exclusive responsibility for paying such taxes, as well as any interest and penalties imposed by the IRS thereon, and he agrees to indemnify the Company and the Released Parties to the extent that the IRS seeks to recover unpaid taxes, penalties, and interest from the Company and/or any of the Released Parties on those payments. Further, if the IRS reallocates or reclassifies the payment referenced in Section 3(a) above, the Parties agree that such reallocation or reclassification shall have no effect on the validity of this FLSA Agreement.

**4.     Each Party to Bear Own Costs and Fees.**  To the extent not described in this FLSA Agreement, each Party to this FLSA Agreement shall bear its own attorneys' fees, costs, and other expenses related to the Lawsuit.

*I certify that I have read and understand this page.* Richard Texas (Initials)

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 4 of 6

**5.**    **Waiver and Release of FLSA Claims.**  In consideration of the Settlement Funds, Texas, on behalf of himself, his heirs, administrators, executors, predecessors, successors, agents, and assigns, irrevocably and unconditionally waives, and he releases and forever discharges the Company, its present and former parent entities, subsidiaries, affiliates, joint ventures, divisions, related entities, successors, and assigns, and its and their directors, officers, employees, representatives, agents, attorneys, insurers, employee benefit plans, trustees, and all others acting in concert with them (collectively, the "Released Parties"), from, all claims, causes of action, claims, debts, costs, expenses, rights, obligations, and liabilities (including attorneys' fees and costs), whether known or unknown, that Texas has or could have maintained against of any of the Released Parties under the FLSA through the date of his signing this FLSA Agreement.

**6.**    **Cooperation.**    Should it become necessary, Texas shall cooperate with the Company and/or the Released Parties, as the case may be, to obtain dismissal of the Lawsuit in its entirety with prejudice for no additional consideration.

**7.**    **No Admission of Liability.**    The Parties acknowledge and agree that this FLSA Agreement constitutes a compromise of disputed claims. Neither this FLSA Agreement, nor anything contained in it, shall be construed as an admission by the Company or any of the Released Parties of any liability, wrongdoing, or unlawful conduct whatsoever. Texas hereby acknowledges that the Company and the Released Parties deny that it/they have violated the FLSA or otherwise engaged in any wrongdoing or unlawful conduct whatsoever.

**8.**    **Non-Assignment of Claims.**    Texas warrants that he has not assigned, sold, subrogated, transferred, or conveyed to any person or entity any FLSA and/or wage and hour-related actions, causes of action, claims, or demands that Texas now has or ever had against the Company or any of the Released Parties.

**9.**    **Entire Agreement.**    The Parties represent and acknowledge that this FLSA Agreement contains the entire understanding and agreement between the Parties concerning Texas's FLSA claims, and that, in executing this FLSA Agreement, the Parties do not rely on and have not relied upon any representation or statement made by any other Party not set forth in this Agreement.

**10.**    **Governing Law and Jurisdiction.**    The validity, construction, and performance of this Agreement shall be governed by the laws of the State of Florida without giving effect to conflict of law principles. Except as otherwise may be required for the Company to obtain equitable injunctive relief under this FLSA Agreement, jurisdiction for all actions or proceedings to enforce this FLSA Agreement or otherwise related to this FLSA Agreement will be exclusively in a court of competent jurisdiction located in Orlando, Orange County, Florida. The Parties hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

*I certify that I have read and understand this page.* Rlt *Richard Texas (Initials)*

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 5 of 6

**11.   Severability.**   If any term or provision of this FLSA Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable in any respect, or enforceable only if modified, such determination shall be limited to the narrowest possible scope in order to preserve the enforceability of the remaining terms and provisions of this FLSA Agreement, with all such remaining terms and provisions of this FLSA Agreement continuing unabated and in full force and effect. A court of competent jurisdiction may modify and bring about a modification of any invalid or unenforceable provision to make it enforceable under applicable law. Subject to the terms of this Agreement, any modification shall become a part of the Agreement and treated as though originally set forth in this Agreement.

**12.   Construction.**  This FLSA Agreement is deemed to have been drafted jointly by the Parties. The Parties agree that the language of all parts of this FLSA Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. No ambiguity or uncertainty in this FLSA Agreement shall be interpreted in favor of or against any Party.

**13.   Waiver of Term, Provision, or Condition.**  Any waiver of any obligations under this FLSA Agreement shall be ineffective unless set forth in writing and signed by the Parties and/or their authorized representatives. Additionally, the waiver by any Party of a breach of any provision of this Agreement by any other Party shall not operate or be interpreted as a waiver of any later breach of that provision or any other provision of this Agreement.

**14.   Attorney's Fees and Costs.**  Either Party to this FLSA Agreement shall be entitled to an award of its costs and reasonable attorneys' fees expended if it prevails in any action for breach of and/or to enforce the terms of this FLSA Agreement (including seeking rescission).

**15.   Original Agreement/Counterparts**.  This FLSA Agreement may be executed in one or more counterparts, each of which will be considered an original instrument, and all of which together will constitute one and the same instrument. Delivery of executed signature pages of this FLSA Agreement by facsimile transmission or e-mail will constitute effective and binding execution and delivery of an executed original of this FLSA Agreement.

**16.   Acknowledgement and Assurances.**  Texas hereby acknowledges that he: (a) has read this Agreement and understands all of its provisions; (b) has consulted with legal counsel of his choice (at his expense) before signing this FLSA Agreement; and (c) voluntarily enters into this FLSA Agreement, which is contractual in nature and contains a waiver and release of all wage and hour and FLSA claims of any kind that Texas may have against the Released Parties.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereby execute this FLSA Settlement Agreement, Waiver, and Release consisting of 6 pages (including

*I certify that I have read and understand this page.*  *Richard Texas (Initials)*

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 6 of 6

the signature page) and 16 enumerated sections by voluntarily signing below and with full knowledge of the significance of all of the FLSA Agreement's provisions.

**PLEASE READ CAREFULLY. THIS FLSA SETTLEMENT AGREEMENT, WAIVER, AND RELEASE INCLUDES A RELEASE OF KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS.**

Executed this __28__ day of May 2021.        By: _____
                                                 Rlt (May 28, 2021 10:53 EDT)
                                             RICHARD TEXAS

Executed this _____ day of May 2021.         By: _____
                                                 for NEW WORLD VAN LINES OF
                                                 FLORIDA, INC.

                                             Name: _____
                                                     (Printed)

                                             Title: _____

*I certify that I have read and understand this page.* ____ *Richard Texas (Initials)*

FLSA Settlement Agreement, Waiver, and Release
*Texas v. New World Van Lines of Florida, Inc.*
Page 6 of 6

the signature page) and 16 enumerated sections by voluntarily signing below and with full knowledge of the significance of all of the FLSA Agreement's provisions.

**PLEASE READ CAREFULLY. THIS FLSA SETTLEMENT AGREEMENT, WAIVER, AND RELEASE INCLUDES A RELEASE OF KNOWN AND UNKNOWN WAGE AND HOUR CLAIMS.**

Executed this _____ day of May2021.

By: _____
RICHARD TEXAS

Executed this 28th day of May 2021.

By: _____
for NEW WORLD VAN LINES OF
FLORIDA, INC.

Name: _____
(Printed)

Title: _____

*I certify that I have read and understand this page. _____ Richard Texas (Initials)*