**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD TEXAS,**

      **Plaintiff,**

v.                                                             **Case No: 6:20-cv-445-RBD-LRH**

**NEW WORLD VAN LINES OF**
**FLORIDA, INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 41)**
>
> **FILED:** May 28, 2021
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**     **BACKGROUND.**

On February 3, 2020, Plaintiff Richard Texas filed this action against his former employer, Defendant New World Van Lines of Florida, Inc., in state court. Doc. No. 2-3. On March 11, 2021, Defendant removed the matter to this Court. Doc. Nos. 1, 2. The complaint contains only one count: recovery of overtime compensation Defendant allegedly failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 2-3. Defendant

answered the complaint on April 1, 2020, Doc. No. 13, and the case has proceeded in the normal course.

On March 18, 2021, the parties notified the Court that they had reached a settlement. Doc. No. 35. The matter now comes before the Court on review of the parties' Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice. Doc. No. 41. With the motion, the parties have included a fully executed copy of their FLSA Settlement Agreement, Waiver, and Release ("FLSA Agreement"). Doc. No. 41-1. The motion was referred to the undersigned for issuance of a report and recommendation.

Upon referral, the undersigned ordered the parties to file a notice stating whether or not they had entered into any other agreement (oral or written) that had not yet been disclosed to the Court, and that was related in any way to the present case and contained any of the following provisions: (1) a release extending beyond the FLSA claims in this case; (2) a confidentiality provision; or (3) a non-disparagement provision. Doc. No. 42. In response (and also mentioned in the joint motion), the parties have disclosed to the Court that they have entered into a Waiver and Release Agreement separate and apart from the FLSA Agreement ("Release Agreement"), which addresses any non-FLSA claim that Plaintiff had against Defendant. Doc. No. 43. The parties have also provided a copy of the Release Agreement to the Court, which contains a broad general release and some non-cash concessions, but demonstrates that Plaintiff will be paid separate consideration of $500.00 in exchange for agreeing to these provisions. Doc. No. 43-1.

The parties ask that the Court approve the FLSA Agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), to approve the Release Agreement to the extent necessary, and to dismiss the case with prejudice. Doc. Nos. 41, 43.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and likely duration of the litigation.

- The state of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

I.  **ANALYSIS.**

    A.  *Whether Plaintiff Has Compromised His FLSA Claim.*

In answers to the Court's Interrogatories, Plaintiff calculated that he was owed a total of $33,181.20 in overtime compensation, an equal amount in liquidated damages, and an unspecified amount in attorney's fees and litigation costs. Doc. No. 22, at 5. Pursuant to the FLSA Agreement, Plaintiff will receive a total of $12,000.00 in settlement, to include $2,771.96 in unpaid wages, $2,771.96 in liquidated damages, and $6,456.08 in attorney's fees and costs. Doc. No. 41-1, at 3 ¶ 3(a).

Because Plaintiff will receive less in settlement than his initial demand, this case involves a compromise of Plaintiff's claims within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    B.  *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. In the joint motion,

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

the parties explain that they have engaged in settlement discussions at several points in this litigation, with both parties represented by experienced counsel.  Doc. No. 41, at 3, 5.  The parties further explain that they exchanged timekeeping and payroll records pursuant to the Court's FLSA Scheduling Order, and in such exchange, Defendant produced to Plaintiff detailed reports showing all of Plaintiff's recorded hours of work, including hours worked over 40 in a workweek, which documented substantially less hours than what Plaintiff claimed in his answers to the Court's Interrogatories.  *Id.* at 3 & n.3.  The parties state that the issues in this case include whether Plaintiff is entitled to any unpaid wages, including whether Plaintiff was an exempt employee; the computation of said wages; the scope of damages; and the appropriate limitations period.  *Id.* at 5–6.  Notwithstanding their disagreements over these issues, the parties agree that to continue to litigate this case would be expensive, time-consuming, and would create uncertainty.  *Id.* at 3.  Accordingly, the parties have entered into a settlement, and they agree that the FLSA Agreement is a reasonable compromise of disputed issues.  *Id.* at 6.

Because these representations adequately explain the reasons for the compromise of Plaintiff's overtime claim, I respectfully recommend that the Court find the amount of the compromise reasonable.  *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

Given that Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement.  *See Silva*, 307 F. App'x at 351.

Pursuant to the FLSA Agreement, counsel for Plaintiff will receive a total of $6,456.08 in fees and costs. Doc. No. 41-1, at 3. In the joint motion, the parties certify that the attorney's fees and costs "were negotiated separately and without regard to the amounts to be paid to Plaintiff in settlement of his FLSA claim," and that "Plaintiff's recovery has not been adversely affected by the amount of fees and costs to be paid to his attorneys under the [FLSA] Agreement." Doc. No. 41, at 4. The FLSA Agreement also states that the fees to be paid to Plaintiff's counsel "were negotiated separately and apart from [Plaintiff's] wage and hour claims, and that [Plaintiff's] recovery will not be reduced by any part of the attorney's fees or costs in this case. [Plaintiff] specifically is aware of, and agrees with, the amount of fees to be paid to his attorneys for representing his interests in this matter, and that these fees are reasonable." Doc. No. 41-1, at 3.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of his FLSA overtime claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D.   *Other Terms of the Parties' Agreements.*

The FLSA Agreement does not contain a broad general release, confidentiality provision, non-disparagement clause, or other potentially problematic non-cash concession that would undermine the fairness of the parties' settlement. *See* Doc. No. 41-1. The release provides as follows:

> **Waiver and Release of FLSA Claims.** In consideration of the Settlement Funds, Texas, on behalf of himself, his heirs, administrators, executors, predecessors, successors, agents, and assigns, irrevocably and unconditionally waives, and he releases and forever discharges the Company, its present and former parent entities,

> subsidiaries, affiliates, joint ventures, divisions, related entities, successors, and assigns, and its and their directors, officers, employees, representatives, agents, attorneys, insurers, employee benefit plans, trustees, and all others acting in concert with them (collectively, the "<u>Released Parties</u>"), from, all claims, causes of action, claims, debts, costs, expenses, rights, obligations, and liabilities (including attorneys' fees and costs), whether known or unknown, that Texas has or could have maintained against of any of the Released Parties under the FLSA through the date of his signing this FLSA Agreement.

*See id.* at 5 ¶ 5. Because the release is limited to the claims related to those raised in the complaint, *i.e.*, those arising under the FLSA, I recommend that the Court find the release permissible under *Lynn's Food*. *See, e.g.*, *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").[3]

However, as discussed above, the parties have entered into a second agreement, the Release Agreement. Doc. No. 43-1. The Release Agreement contains a broad general release of claims (other than claims under the FLSA), a waiver of reemployment provision, and a non-disparagement clause. *Id.* ¶¶ 2–4. The Release Agreement also provides, however, that Plaintiff will be paid $500.00 in exchange for execution of the Release Agreement. *Id.* ¶ 1. The parties explain that the Release Agreement was negotiated apart from and without regard to Plaintiff's FLSA claim or the FLSA Agreement. Doc. No. 43, at 2. The parties further state that Plaintiff's counsel is receiving

---

[3] I note the Court's prior finding that "a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party." *Arguelles v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 23, 2017). However, where the release is limited to the FLSA claims asserted in the complaint, the Court has allowed extension of such a release to non-parties to the agreement. *See, e.g.*, *Marte v. Gizmo Orlando, Inc.*, No. 6:18-cv-596-Orl-37KRS, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, 2018 WL 3084007 (M.D. Fla. June 22, 2018); *Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791534, at *3 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 1791535 (M.D. Fla. Apr. 16, 2018). Accordingly, I recommend that the Court find that the release in this case, which extends to non-parties but is limited to claims under the FLSA, does not undermine the fairness of the settlement.

no compensation under the Release Agreement, and Defendant's obligation to pay $500.00 to Plaintiff under the Release Agreement is not conditioned on the Court's approval of the above-styled motion.  *Id.*

General releases are viewed with disfavor in the context of a FLSA settlement because they are viewed as affecting the fairness and reasonableness of the settlement.  *See, e.g.*, *Menjiva v. E & L Const. Serv., LLC*, No. 6:14-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015).  However, the presiding District Judge has approved FLSA settlements that contain concessions beyond the FLSA claims raised in the complaint, such as a general release, where the plaintiff is paid separate consideration for the concession.  *See, e.g.*, *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *1 (M.D. Fla. Nov. 14, 2014) (citations and internal quotation marks omitted) ("Ordinarily, a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee is not permitted under the FLSA, as it potentially confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.  However, if a plaintiff is given compensation in addition to that which he is entitled under the FLSA, then general releases can be permissible.").

Because it does not appear that execution of the Release Agreement in this case has contaminated the fairness of the settlement of Plaintiff's FLSA overtime claim, I will respectfully recommend the Court find that the parties' execution of the Release Agreement does not undermine the fairness of the FLSA Agreement in this case.

### III. CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion to Approval Settlement Agreement and Stipulation of Dismissal with Prejudice (Doc. No. 41);

2. **APPROVE** the parties' FLSA Agreement (Doc. No. 41-1);

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on June 10, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record